IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
RANDY ALOYSIUS ROLING,          )
                                )    Bankruptcy No. 04-03823
      Debtor.                   )
```

**ORDER RE TRUSTEE'S FINAL REPORT**

On February 8, 2007, the above-captioned matter came on for hearing on Trustee's Final Report.  Two objections are noted of record by Debtor and by Creditor Paul Kramer.  Present at the hearing were Trustee Larry Eide and Attorney Joseph Peiffer as attorney for Trustee.  Also present was Attorney John Schmillen for the U.S. Trustee's Office.  Debtor Randy Roling appeared pro se.  Also appearing pro se was Creditor Paul Kramer.

The Trustee has administered the foregoing estate and has submitted a Final Report and Proposed Distribution with notice to all creditors.  The only objections of record are those filed by Debtor Randy Roling and Creditor Paul Kramer.  The Court has been presented with various documents including a pleading filed shortly before the hearing herein.  The Court did not have an opportunity to examine this document prior to hearing but has now received a copy of this document and has had an opportunity to examine it.

All of the objections ultimately relate to two issues.  The objections of Mr. Roling and Mr. Kramer are essentially identical.  They assert first that both the Trustee and Attorney for the Trustee are members of professional corporations.  They assert that corporations cannot practice law and that it is illegal to do so.  As such, the objectors seek to set aside the activities of both the Trustee and Trustee's attorney and ask the Court to impose various remedies.

The second objection relates to the objectors' claims that they have not been provided full hearings on assets and Debtor primarily objects that certain abandoned property has not been returned to him.

Relating to the first objection, the objectors cite a 1947 case for the proposition that a corporation cannot practice law. See State ex rel. Maley v. Civic Action Committee, 28 N.W.2d 467, 471 (Iowa 1947). Professional corporation statutes passed in the 1960s changed existing law and began to allow attorneys to

practice law through corporations.  David Paas, <u>Professional Corporations and Attorney-Shareholders:  The Decline of Limited Liability</u>, 11 J. Corp. L. 371, 373 (Spring 1986).  For example, ABA Formal Opinion 303, dated November 27, 1961, answers in the affirmative the question of whether lawyers can carry on the practice of law as a professional corporation.

The Iowa Professional Corporation Act is found in Iowa Code Chapter 496C, first enacted in 1970.  A professional corporation may practice a profession through shareholders, directors, officers, employees, and agents who are licensed to practice the same profession in this state.  Iowa Code § 496C.7.  Included in the definition of "profession" is the profession of law.  Iowa Code § 496C.2(4).  Thus, the <u>Maley</u> case is an incorrect citation of the present state of the law.  The objectors' arguments that professional corporations Day Rettig Peiffer, P.C. and Pappajohn, Shriver, Eide & Nielsen P.C. are in bad faith illegally practicing law are meritless.

The second objection relates to whether the objectors and, in particular, Debtor have been allowed to present their positions in Court.  The Court has held numerous hearings in this case.  The Court feels that it has adequately provided Debtor and any objectors with a fair opportunity to present their respective positions in Court.  It is the conclusion of this Court that sufficient hearings have been held in this case to address all outstanding issues and the objections that Debtor or any objector has been denied the opportunity to present their positions are also meritless.

The real issue before the Court is the Trustee's Final Report.  The Trustee has spent considerable time in administering these assets in a difficult case.  The Court concludes that the Trustee has appropriately administered all assets and the administration of this case in Bankruptcy Court is complete.  Any issues which Debtor has are outside the purview of the Bankruptcy Court and are more legitimately pursued elsewhere.  The Court has heard the statements of the Trustee and has examined the Final Report.  The Court concludes that the Final Report is correct in all respects and should be approved.

**WHEREFORE**, the objections filed by Debtor are OVERRULED.

**FURTHER**, the objections filed by Creditor Paul Kramer are OVERRULED.

**FURTHER**, the Final Report and Proposed Distribution filed by the Trustee is APPROVED.

**FURTHER**, the Trustee is to submit to the Court an order supplementing this opinion and approving the Final Report as necessary.

Dated and Entered: February 12, 2007

_____
Paul J. Kilburg
Bankruptcy Judge